436 A.2d 667

**COMMONWEALTH of Pennsylvania,**

v.

**James F. TROUTMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Oct. 30, 1981.

610

Charles P. Buchanio, Lebanon, for appellant.

David Brightbill, District Attorney, Lebanon, submitted a brief on behalf of Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lebanon County. The procedural history and facts relevant to the issues on appeal are as follows:

Appellant was convicted by a jury of the August 10, 1977 burglary of the residence of his uncle, Charles L. Minnich, in Lebanon County. Minnich testified that his home was not ransacked but apparently burglarized by someone familiar with it. Insurance papers, bonds, and bankbooks were removed from a secret compartment and stolen along with guns and jewelry, including a diamond ring.

The chief witness against appellant was an accomplice, Robert Weber. He testified that on the morning of August 10, 1977, he and appellant talked about burglarizing some house and appellant indicated he had a place in mind. Weber related that appellant broke a window with a screwdriver, removed the aforementioned items, then left through a sliding door. They then went back to appellant's apartment. Later, a savings account passbook was used to withdraw money and some of the other items were disposed of at a flea market. The two men were later arrested in New Jersey on unrelated charges and Weber told police where they could find the items from this burglary and another burglary in Berks County.

After post trial motions were denied, appellant was sentenced to two to five years imprisonment. This timely appeal followed.

Appellant contends the trial court erred in permitting testimony concerning appellant's involvement in another burglary in Berks County.

Our examination of the record discloses that appellant's trial counsel attempted to impeach Weber's credibility by a series of questions on cross-examination. Trial counsel brought out that appellant and Weber had a conversation at the Berks County Jail. However, there was no indication as to whether appellant visited Weber there or why appellant happened to be there. The purpose of this questioning was to disclose that Weber allegedly stated he was going to testify against appellant because he could thereby obtain a favorable plea bargain.

Further questioning brought out the fact that appellant was wearing the stolen diamond ring at the time of arrest. However, part of appellant's defense at trial was that he was wearing it at the time of arrest, and not during the week prior because he had in fact purchased it from Weber sometime after the actual burglary had taken place. Weber next indicated that none of the stolen items were left at appellant's apartment and he never told the police that any of the stolen items from the Lebanon County burglary could be found there.

Redirect and recross-examination of Weber showed that he was arrested with appellant in New Jersey for possession of narcotics and was cooperative as to the burglary in Reading. It also disclosed that he was serving concurrent terms for two separate crimes pursuant to favorable plea bargains. However, there was no indication up to that point in the testimony that appellant was involved with the Berks County burglary.

Trooper McCreary stated on cross-examination that none of the stolen items from the Lebanon County burglary were found in appellant's apartment. This statement conforms

with Weber's testimony that he never told police these items would be found there. Furthermore, McCreary's own testimony indicates he obtained a search warrant based upon Weber's statements that stolen items from the Berks County burglary would be found there. After executing that warrant, a second warrant was obtained which was not based upon any statements of Weber's in order to search for stolen items from the Lebanon County burglary.

■ The trial court thus erred in permitting Trooper McCreary to testify concerning the search warrant being issued to search for stolen items from the Berks County burglary. McCreary also testified over objection that stolen items from that burglary were in fact found in appellant's apartment. The trial court's reason for permitting this testimony was based upon appellant's alleged attempt to discredit Weber's testimony. However, our review of the record shows that Weber indicated the stolen items from the Lebanon County burglary were in his roommate's apartment, not in appellant's apartment. Thus, McCreary could have clarified his testimony on redirect by stating that Weber had not in fact given them information that the items stolen in Lebanon County would be found there, but rather that they had obtained a search warrant based upon their own investigation in order to search for those items.

The testimony concerning the Berks County burglary was therefore irrelevant and highly prejudicial to appellant. It conveyed the fact of a prior criminal offense to the jury. *Commonwealth v. Povish*, 479 Pa. 179, 387 A.2d 1282 (1978); *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976).

Since we note that trial counsel failed to submit a motion to the trial court for a mistrial, we now direct our attention to appellant's claim of ineffective assistance of counsel. On a claim of ineffective assistance of counsel, our Supreme Court has held that our inquiry ceases whenever there is a finding that counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 3491 (1967).

We are unable to ascertain from the record why trial counsel objected but failed to move for a mistrial after the redirect examination of Trooper McCreary expressly indicated prior criminal activity of the same type for which appellant was on trial. The testimony was irrelevant and highly prejudicial, particularly where credibility was of such major importance to appellant's defense.

We therefore vacate the judgment of sentence and remand the case to the trial court for an evidentiary hearing to determine whether trial counsel's failure to submit a motion to the trial court for a mistrial had any reasonable basis designed to effectuate appellant's interests. If trial counsel's actions had any reasonable basis designed to effectuate appellant's interests, the judgment of sentence should be reinstated. If not, a new trial should be granted.

Judgment of sentence vacated and case remanded.